[No. 7730. Decided November 14, 1908.]

THE STATE OF WASHINGTON, *on the Relation of the Socialist Labor Party, Plaintiff*, v. SAMUEL H. NICHOLS, *Secretary of State, Defendant.*[1]

ELECTIONS—CERTIFYING  NOMINATIONS—MANDAMUS—REASONABLENESS OF TIME. A writ of mandate to compel the secretary of state to certify certain nominations to the county auditors, applied for less than one week prior to the election and when the tickets had already been certified and most of them printed, will be denied when no reason is given why the nominations were not filed and tendered within the time required by law, the time not being reasonable.

Original application filed in the supreme court October 26, 1908, for a writ of mandate to compel the secretary of state to certify certain nominations. Denied.

*A. A. Booth*, for petitioner.

PER CURIAM.—A certificate of nomination of the candidates of the Socialist Labor Party was presented to the secretary of state for filing on the 21st day of September, 1908. On the 22d day of September, 1908, the secretary returned the certificate with his refusal to file the same, unless the filing

[1]Reported in 97 Pac. 1087.

fees prescribed by the direct primary law were first paid. Some time thereafter, the exact date not appearing, the secretary was again requested to file the certificate in so far as the same applied to the presidential electors therein named. Under date of October 18, 1908, the secretary again refused to file or certify the nominations, for the reason that the ticket had already been certified to the different county auditors throughout the state, and the greater portions thereof had already been printed. On the afternoon of October 27, 1908, or less than one week before the opening of the polls at the general election, an application was made to this court for a writ of mandate against the secretary requiring him to certify the names of the presidential electors as requested. The secretary of state is entitled under the law to reasonable notice of an application of this kind; and, should the writ be granted, after the ticket is certified to the various county auditors it must be printed and distributed to the numerous polling places throughout the state prior to the morning of election. It is apparent to this court that all this could not be accomplished in the short interval between the date of the application and the date of election. No reason was assigned why the nominations were not filed or tendered within the time allowed by law, and without any inquiry into the merits of the application, the same should be denied. It is so ordered.